UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY JOHNSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-320 |
| | ) |
| STALCOP, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Mary Johnson hereby brings this action against Stalcop, LLC ("Stalcop") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), and common law wrongful discharge for filing a worker's compensation claim and shows as follows:

## PARTIES

1. Johnson is an individual who resides in Montgomery County, Indiana.

2. At all relevant times, Johnson was an employee of Stalcop within the meaning of the ADA.

3. At all relevant times, Johnson was an eligible employee of Stalcop within the meaning of the FMLA.

4. Johnson is a qualified individual with a disability under the meaning of the ADA.

5. Stalcop is an Illinois limited liability company which does business in Boone County, Indiana.

6. At all relevant times, Stalcop was an employer within the meanings of the ADA and the FMLA, and Stalcop was a covered entity under the ADA.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction because the action arises under federal law—namely, 42 U.S.C. § 12111 et seq. and 29 U.S.C. § 2601 et seq.

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's common law wrongful termination claim, as the claim is closely related and forms part of the same case or controversy.

9. Pursuant to 28 U.S.C. § 1391, this Court is a proper venue for this action because Stalcop resides in Boone County, Indiana, and a substantial part of the events giving rise to the claims occurred in Boone County, Indiana.

## FACTUAL ALLEGATIONS

10. Johnson was employed by Stalcop as a CNC operator from 1998 until August 29, 2014.

11. In October 2012, Johnson suffered a significant spinal injury.

12. Johnson's spinal injury was covered by Indiana's worker's compensation laws.

13. Johnson underwent surgery to treat her spinal injury on May 13, 2013.

14. After Johnson's surgery, she was unable to work for approximately six weeks.

15. Johnson applied for a was certified for FMLA.

16. After Johnson's surgery, an agent or employee of Stalcop told Johnson that if she returned to work with any physical restrictions then her employment would be terminated.

17. Despite her surgery, Johnson continued to experience physical limitations, including inhibited ability to lift, bend, and twist.

18. On June 2, 2014, Johnson's physician restricted her to operating only one CNC machine at a time.

19. Stalcop employs or has employed other CNC operators whose duties include operating a single CNC machine at a time.

20. Due to her disability and her physician-ordered restriction, Stalcop did not allow Johnson to return to work.

21. On June 6, 2014, an agent or employee of Stalcop told Johnson that she could not return to work unless she could do so without any physical restrictions.

22. Johnson's employment was terminated by Stalcop on August 29, 2014.

23. Johnson underwent a second surgery to address her spinal injury on September 11, 2014.

24. Johnson has, or at a relevant time had, a non-transient physical impairment that substantially limits one or more of her major life activities or significantly restricted the functioning of a major bodily function.

25. Johnson's physician imposed a lifting restriction, initially restricted to no more than ten pounds, then subsequently loosened to no more than twenty pounds.

26. Johnson's physician imposed a restriction on repetitive bending, lifting and twisting.

27. Johnson could perform the essential functions of her position as a CNC operator, with or without a reasonable accommodation.

28. Other positions existed without Stalcop for which Johnson was qualified.

29. On information and belief, a vacant position for which Johnson was qualified existed during Johnson's employment which would have accommodated her physical limitations.

30. Stalcop considered Johnson's workplace injury and treatment under the worker's compensation system as a negative factor against her in deciding to terminate her employment.

## **COUNT I:  VIOLATION OF THE ADA**

31. Stalcop discriminated against Johnson on the basis of her disability by failing to make reasonable accommodation to Johnson's known physical limitations.

32. Stalcop's discriminatory actions were willful, intentional, or in reckless disregard for Johnson's rights under the ADA.

33. Johnson has suffered losses as a result of Stalcop's unlawful conduct.

## COUNT II:  VIOLATION OF THE ADA

34. Stalcop discriminated against Johnson on the basis of her disability by using qualification standards or other criteria that screen out or tend to screen out individuals with disabilities.

35. Stalcop's discriminatory actions were willful, intentional, or in reckless disregard for Johnson's rights under the ADA.

36.  Johnson has suffered losses as a result of Stalcop's unlawful conduct.

## COUNT III:  VIOLATION OF THE ADA

37. Stalcop discriminated against Johnson on the basis of her disability by denying employment opportunities to Johnson, who was otherwise qualified for those opportunities.

38. Stalcop's discriminatory actions were willful, intentional, or in reckless disregard for Johnson's rights under the ADA.

39. Johnson has suffered losses as a result of Stalcop's unlawful conduct.

## COUNT III:  VIOLATION OF THE FMLA

40. Johnson applied for and was certified for job-protected leave under the FMLA.

41. Johnson attempted to return to her position.

42. Stalcop interfered with Johnson's return to work.

43. Stalcop failed to restore Johnson to her position at the end of her period of incapacity.

44. Stalcop violated Johnson's substantive rights under the FMLA by failing to restore her to her position or an equivalent position upon the end of her period of incapacity.

## COUNT IV: COMMON LAW WRONGFUL TERMINATION

45. Johnson exercised her rights under Indiana's worker's compensation laws.

46. Stalcop terminated Johnson, at least in part, for exercising her statutory right to worker's compensation.

47. Stalcop's actions were wrongful and unconscionable.

48. Johnson is entitled to legal and equitable relief as a result of Stalcop's wrongful and unconscionable termination of Johnson's employment for having filed exercised her statutory right to worker's compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Johnson respectfully requests that this Court order judgment in her favor and order the following relief:

A. Reinstatement of employment, with back pay, and an order requiring reasonable accommodation for Johnson's disability;

B. Compensatory damages;

C. Punitive damages;

D. Pre- and post-judgment interest;

E. Attorney fees; and

F. Such other relief as may be necessary and appropriate.

/s/Jason R. Ramsland
Jason Ramsland (#29443-29)
BALL EGGLESTON, PC
201 Main Street, Suite 810
P.O. Box 1535
Lafayette, IN 47902
Telephone: (765) 742-9046
Email: jramsland@ball-law.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

/s/Jason R. Ramsland
Jason Ramsland (#29443-29)
BALL EGGLESTON, PC

201 Main Street, Suite 810<br>
P.O. Box 1535<br>
Lafayette, IN 47902<br>
Telephone: (765) 742-9046<br>
Email: jramsland@ball-law.com